IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT BOGGS,

                Plaintiff,

     v.

MICHAEL SCHRUNK and MULTNOMAH
COUNTY,

                      Defendants.

CV-07-954-ST

ORDER STAYING FINDINGS
AND RECOMMENDATIONS AND
RELATED SUMMARY
JUDGMENT MOTIONS PENDING
FURTHER PROCEEDINGS ON
THRESHOLD ISSUE

STEWART, Magistrate Judge:

## **INTRODUCTION**

This action previously came before this court on the parties' competing motions for

summary judgment (dockets #66, #75, and #79).  After a hearing held on June 16, 2008 (docket

#106), and following supplemental briefing on legislative history (docket #109), this court issued

a Findings and Recommendations (docket #114), recommending that summary judgment be

granted against all claims except the Fifth Claim for a violation of due process against

1 - ORDER STAYING FINDINGS AND RECOMMENDATIONS AND RELATED
SUMMARY JUDGMENT MOTIONS PENDING FURTHER PROCEEDINGS ON
THRESHOLD ISSUE

Multnomah County.  Multnomah County has now filed a Motion for Reconsideration and Motion for Extension of Time to File Objections to the Findings and Recommendation (docket #115). For the following reasons, this court concludes that this latest motion should be GRANTED IN PART and DENIED IN PART and that this court's prior Findings and Recommendations (docket #114) should be stayed until the parties may be fully heard on the Fifth Claim.

## **DISCUSSION**

In their initial motion for summary judgment, Multnomah County contended that it was entitled to summary judgment against the Fifth Claim on a variety of grounds.  The Fifth Claim rests on Boggs' contention that the publication to various newspapers of false, stigmatizing statements in an auditors' investigative report effectively foreclosed his right to pursue his chosen occupation.  First Amended Complaint, ¶ 37.

With regard to the issue of whether it has a policy that could subject it to liability, the County contended that it discloses requested non-exempt records without undue delay and denied having any duty to check with former employees to determine whether they wished to contest the disclosure.  However, the County did not provide any evidence to support that assertion or any particularly illuminating information concerning the process that took place regarding the disclosure decision.  The record revealed that the particular disclosure requests at issue in this case were sent to John Hoover, a Deputy District Attorney, identifying the District Attorney's Office as the "public records custodian."  Short Decl., ¶ 4 and Ex. 6.  Hoover professed having the responsibility for reviewing and deciding whether to comply with the public records requests, but also noted that "the decision to release the records was made after consultation with senior

management as well as the Multnomah County Attorney's Office."  Hoover Aff., ¶ 8.  This statement seems to tie the disclosure decision to high-ranking Multnomah County officials and provide a potential basis for liability against Multnomah County.  However, that issue was lost in the melee and never fully addressed due to a variety of factors, including a response brief focused heavily on the District Attorney's authority in making policy decisions on behalf of the County Chair and a joint reply brief that did not address the issue.

On the Fifth Claim, this court concluded that Schrunk could not be liable based on a lack of sufficient personal involvement in the disclosure of the information.  However, as the parties correctly point out, this court neglected to discuss the preliminary issue of Boggs' *prima facie* case against Multnomah County, instead focusing on other issues raised in the briefing, including whether Boggs was terminated or resigned, whether there was a sufficient temporal nexus between Boggs' termination and the publication of the allegedly false information, whether the information was false and defamatory, and whether Boggs in fact had lost any employment opportunities.  Findings and Recommendations (docket #114), pp. 9-20.

After an exhaustive review of the entire record, including the most recent submissions of the parties, this court concludes that the important threshold issue of Multnomah County's liability for the disclosure of the allegedly false information and the ensuing inability of Boggs to pursue his chosen profession has as yet not been properly framed or fully explored.  If Multnomah County cannot be held liable on the Fifth Claim alleging a denial of due process, which provides the sole basis for federal court jurisdiction, then it may well be appropriate to remand this case to Multnomah County Circuit Court.  *See* 28 USC § 1367(c).  In that event, it

would be unnecessary to reach the issues related to the supplemental state law claims, as those issues would most properly be decided by the Multnomah County Circuit Court. Rather than forge ahead without fully addressing Multnomah County's liability for the Fifth Claim, this court concludes that the better course is to hold its prior Findings and Recommendation (docket #114) in abeyance pending further proceedings to flesh out the issue of whether Multnomah County may be held liable on Boggs' Fifth Claim for the disclosure of the allegedly false and stigmatizing information.

The record does not clearly identify the parties' positions on a number of important and related topics, including but not limited to: (1) exactly who or which agency was the "custodian" of the relevant records under ORS Chapter 192, and whether that person or agency was acting on behalf of Multnomah County or some other person or agency; (2) whether Hoover was a state or Multnomah County employee (Hoover merely states that "Schrunk is my employer," Hoover Aff, ¶ 2, which leaves it unclear); (3) whether Multnomah County has *any* policies regarding the disclosure of records pursuant to requests made under ORS Chapter 192, and if so, whether those policies were followed relative to the disclosures at issue in this case; and (4) which person(s) were in fact consulted by Hoover, how the disclosure decision was made, and if and how that decision is linked to Multnomah County. Hoover's affidavit raises more questions than it answers by stating that the "decision to release the records was made after consultation with senior management as well as the Multnomah County Attorney's Office," without providing further information as to the nature of the consultation or the policies (if any), that the decision implemented.

4 - ORDER STAYING FINDINGS AND RECOMMENDATIONS AND RELATED SUMMARY JUDGMENT MOTIONS PENDING FURTHER PROCEEDINGS ON THRESHOLD ISSUE

Rather than refer the pending Findings and Recommendations (docket #114) to a district judge with this important issue outstanding, this court will revisit the issue in additional proceedings either through supplemental briefing on the pending summary judgment motions or by means of an evidentiary hearing. The parties should be prepared to fully address the issue of Multnomah County's liability, if any, for disclosure of the allegedly false and defamatory information, as well as whether this court should decline to exercise supplemental jurisdiction over the state claims should it determine that there is no basis for such liability by Multnomah County.

### ORDER

Based on the foregoing, Multnomah County's Motion for Reconsideration and Motion for Extension of Time to File Objections to Findings and Recommendations (docket #115) is GRANTED IN PART and DENIED IN PART. The Findings and Recommendations (docket #114) and a ruling on the summary judgment motions to which it relates (dockets #66, #75, and #79) are STAYED pending further proceedings limited to the issue of Multnomah County's liability on the Fifth Claim.

The court will set a telephone status conference to discuss how and when to address the threshold issue of Multnomah County's liability on the Fifth Claim.

Dated this 30th day of October, 2008.

__/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge